Filed 4/29/16  P. v. Dominguez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARK ALBERT DOMINGUEZ,<br><br>　　　Defendant and Appellant. | B267627<br><br>(Los Angeles County<br>Super. Ct. No. VA138898) |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. Yvonne T. Sanchez, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is an appeal from a motion to suppress evidence. Court-appointed counsel for defendant Mark Albert Dominguez has filed a brief requesting this court's independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

An information filed May 7, 2015, charged defendant with two felonies: possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and possession of ammunition (§ 30305, subd. (a)(1)). The information also alleged defendant suffered two prior convictions for which he served prison terms. (§ 667.5, subd. (b).)

Defendant pled not guilty, and filed a motion to suppress the evidence based on the presumed illegality of a warrantless search. The prosecutor's opposition papers described the basis for the traffic stop during which the evidence was found (failure to stop at the limit line at an intersection (Veh. Code, § 22450, subd. (a)); defendant's furtive movements and belligerence; the discovery of a firearm in plain view on the driver seat after defendant got out of the vehicle; live rounds found in the gun's chamber and magazine; and the later discovery, during an inventory search of the car, of a black suitcase containing 355 live rounds of .22 caliber ammunition.

The court granted a *Pitchess*[1] motion and ordered two items of discovery to be provided to the defense.

On October 8, 2015, the court held a hearing on defendant's motion to suppress the evidence. Defense counsel announced that the only issue being contested was "whether [defendant] went beyond the stop sign or not."

Deputy Isidro Villasenor, a patrol deputy with the Los Angeles County Sheriff's Department, testified that on April 8, 2015, he was working in a marked patrol car in the city of Whittier. He observed a small, compact car going southbound on Crowndale Avenue, just north of Washington Boulevard. When the car approached the stop sign at Washington Boulevard, the driver stopped beyond the limit line, a violation of the Vehicle Code.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

Deputy Villasenor conducted a traffic stop, using the public address system on his patrol car to ask defendant to back up and pull over on the access road. On cross-examination, Deputy Villasenor testified that defendant complied with his directions to back up and pull over, but that subsequently defendant was very belligerent and uncooperative.

Defendant testified that he was pulled over before he reached Washington Boulevard and "never got the opportunity to even hit that [limit] line," and to his knowledge committed no Vehicle Code violations. On cross-examination, defendant testified that when he was driving southbound on Crowndale Avenue, he was "looking for a family residence" in order to visit with his uncle; he did not have the exact address, and intended to find the place "[b]y spotting their car."

The defense presented two other witnesses.

Sean Bresach testified that he had a "run-in" with Deputy Villasenor, who pulled over his sister's car (in which he was a passenger) "with really honestly no reason." He testified that he and his sister were pulled out of the car, searched and placed in the back of Deputy Villasenor's police car. Deputy Villasenor asked Mr. Bresach's sister "about where the drugs are," searched the car and found nothing. Neither Mr. Bresach nor his sister was arrested. (Deputy Villasenor remembered the incident with Mr. Bresach "vaguely." He testified that he pulled the car over either because the vehicle tags were expired or the registered owner did not match the person who was driving, and then he recognized Mr. Bresach's sister as a drug user with whom he had had past contacts. He saw some drug paraphernalia, but "it didn't meet the . . . requirements to take them," so he warned Mr. Bresach's sister and did not arrest either of them.)

Julian Lugo testified that Deputy Villasenor falsely accused him of assault on a peace officer. This occurred when many police officers responded to a noise complaint at Mr. Lugo's girlfriend's home at 2:00 in the morning. Mr. Lugo was trying to control a crowd of "about 10 people to get everybody inside," and Deputy Villasenor "started being very aggressive" towards Mr. Lugo. They had a conversation, and as Mr. Lugo got the deputy's badge number and was walking way, "he grabbed me and he said that I

3

turned around and punched him, which I did not." Then Deputy Villasenor let Mr. Lugo walk back into the house. Mr. Lugo was arrested about 20 minutes later, and charged with assault on a peace officer. Mr. Lugo testified that Deputy Villasenor lied about the assault; Mr. Lugo later went to trial and was found not guilty.

Deputy Villasenor testified to a different version of the events preceding Mr. Lugo's arrest, including that Mr. Lugo slapped him in the arm and was deterring the police, "keeping us from doing our job."

The court denied the motion to suppress the evidence, stating: "Considering the evidence presented in this matter, I find that the officer did have a reasonable suspicion that the defendant may have violated a particular section of the Vehicle Code and the stop was therefore reasonable."

Defendant then changed his plea to no contest, in exchange for a term of two years eight months in state prison. He was advised of the maximum sentence and waived his constitutional jury trial rights. The court found the defendant voluntarily and intelligently waived his rights, and found there was a factual basis for the plea.

The court denied probation, and sentenced defendant to two years in state prison (the midterm) on the firearm possession count, and eight months consecutive (one third the midterm) on the ammunition possession count. The court ordered credits for 101 days of actual custody plus 100 days of good time/work time credits. The court also ordered a restitution fine of $300; a parole revocation fine of $300, suspended; a court operations assessment of $40 per count; a criminal conviction assessment of $30 per count; and submission of a DNA sample.

Defendant filed a timely appeal from the denial of his motion to suppress evidence. Defendant's court-appointed counsel filed a *Wende* brief requesting our independent review of the record. Counsel's supporting declaration states that he has written to defendant explaining his evaluation of the record on appeal; informed defendant of his right to file a supplemental brief within 30 days; and sent defendant the transcripts of the record on appeal and of copy of his *Wende* brief. No brief or letter has been received from defendant.

4

We have reviewed the entire record in this case, fully described above, and have found no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.) The record shows no error in the denial of defendant's motion to suppress the evidence.

## DISPOSITION

The judgment is affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.



FLIER, J.